IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOI M. KELLY,

    Plaintiff,

v.                                    Civil Action No. 3:14cv362

ROBERT A. McDONALD,
Current Secretary of
Veterans Affairs,

    Defendant.


**MEMORANDUM OPINION**

This matter is before the Court on the DEFENDANT'S MOTION TO DISMISS (Docket No. 17). The Defendant has filed a Memorandum in Support of Defendant's Motion to Dismiss (Def's Mem.) with the Court (Docket No. 18). Plaintiff Joi Kelly, proceeding <u>pro se</u>, filed an Objection to the Motion to Dismiss (Docket No. 22) ("Objection") and a Response to Defendant's Memorandum in Support of Defendant's Motion to Dismiss, Roseboro Notice to Plaintiff (Docket No. 26) ("Response")[1]. The Defendant has not replied to Plaintiff's Response or Objection, and the matter is now ripe for review.

---

[1] Kelly's Response appears to provide the basis of her arguments, and will be relied upon in considering this motion. Kelly's Objection appears only tangentially related to this motion and therefore will not be relied upon in any significant manner.

**BACKGROUND**

On May 22, 2014, Joi Kelly filed a Complaint against Eric Shinseki in his capacity as the Secretary for Veterans Affairs[2] alleging a violation of her rights under Title VII of the Civil Rights Act of 1964[3]. In the complaint, she alleges that she was treated in a discriminatory manner because of her race and her employer's retaliatory motives when she was employed as a nurse at the Hunter Holmes McGuire VA Medical Center in Richmond, Virginia ("McGuire") and after her termination. Complaint, Dkt. No. 1, ¶¶ 1, 34-35. Kelly devotes much of the Complaint to discussing various incidents that occurred during the course of her employment at McGuire. For example, Ms. Kelly refers to multiple written reports (Id. at ¶¶ 3,4, 13, 20), conversations with co-workers and supervisors (Id. at ¶¶ 4, 12, 18, 19) and adverse medical incidents which occurred on her watch (Id. at ¶¶ 5-7, 8-9, 10-11, 15-16, 17). Most of these incidents are of no consequence to this analysis and will not be discussed. Those events that do affect resolution of this motion will be analyzed further below.

Kelly was employed at McGuire from June 5, 2011 to November 30, 2012 in the Spinal Cord Injury Unit. Def's Mem., Dkt. No.

---

[2] Shinseki has been replaced as Secretary for Veterans Affairs by Robert A McDonald, who is now named as the Defendant in this case.

[3] 42 U.S.C. §§2000e - 2000e(17).

18, at 2. After several incidents involving co-workers and patients, Kelly appeared before McGuire's Nurse Professional Standards Board (NPSB) on September 21, 2012 to allow the NPSB to assess her competency and future at McGuire. Complaint, Dkt. No. 1, at ¶21. On November 16, 2012, the NPSB notified Kelly that McGuire was terminating her employment, effective November 30, 2012. Id. In July of 2013, many months after her termination from McGuire, the Virginia Department of Health Professionals (VDHP) contacted McGuire for information relating to work and notified McGuire that Kelly's nursing license was being reviewed. Def's Mem., Dkt. No. 19, at 3.

On November 18, 2013, Kelly made her first contact with an EEO Counselor regarding her termination and the investigation into her licensure. Correction of Complaint File Date and Notice of Final Agency Decision for EEO Complaint No. 2004-0652-2014100629, Dkt. No. 1-1, at 1 ("Final Agency Decision"). On December 23, 2013, Kelly filed a formal complaint with the Department of Veterans affairs' Office of Resolution Management (ORM). Complaint of Employment Discrimination, Dkt. No. 1-5. That complaint alleged discrimination on the basis of race and reprisal for previous EEO activity and rested on the November

3

30, 2012 termination and the VDHP's investigation into her licensure. Final Agency Decision, Dkt. No. 1-1, at 1.[4]

On March 12, 2014, Kelly's complaint was dismissed by Final Agency Decision of the ORM. Complaint, Dkt. No. 1, at ¶32. The dismissal of the termination claim was based upon Kelly's failure to contact an EEO Counselor within the 45 days of the event as required by 29 C.F.R. §1614.105. Final Agency Decision, Dkt. No. 1-1, at 3-4. The dismissal of the claims arising from the investigation into her licensure was based upon the fact that the claims did not fall within the jurisdiction of the federal sector Equal Employment Opportunity Commission (EEOC). Id. at 4. Kelly appealed the dismissal of her claims to the EEOC's Office of Federal Operations on March 27, 2013. On July 15, 2014, the Office of Federal Operations affirmed the Agency's dismissal of Kelly's claims. Def's Mem., Dkt. No. 18, at 4.

**LEGAL STANDARD**

The motion to dismiss was filed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be

---

[4] The Court is entitled to rely upon "matters outside the pleadings...[if the] documents [were] expressly relied on in a complaint" when considering a 12(b)(6) motion. Johnson v. Portfolio Recovery Assocs., LLC, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009)(citing Lorenzo v. Rumsfeld, 456 F. Supp. 2d 731, 734 (E.D. Va. 2006; Davis v. George Mason Univ., 395 F. Supp. 2d 331, 335 (E.D. Va. 2005)).

4

granted.[5] To survive a Rule 12(b)(6) motion to dismiss, the complaint must "provide enough facts to state a claim that is plausible on its face." Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). A court "will accept the pleader's description of what happened...along with any conclusions that can be reasonably drawn therefrom", but "need not accept conclusory allegations encompassing the legal effects of the pleaded facts." Charles A. Wright & Arthur R. Miller, 5B Fed. Prac. & Proc. Civ. §1357 (3d ed. 1998); Chamblee v. Old Dominion Sec. Co., L.L.C., 2014 U.S. Dist. LEXIS 5026, at *11 (E.D. Va. 2014). "Twombly and Iqbal also made clear that the analytical approach for evaluating Rule 12(b)(6) motions to dismiss requires courts to

---

[5] Defendant has appropriately invoked Rule 12(b)(6). The applicable time limits are not jurisdictional in nature, but rather are statutes of limitations and therefore not appropriate to support dismissal under Rule 12(b)(1). See Irwin v. Dept. of Vet. Affairs, 498 U.S. 89 (1990); Laber v. Harvey, 438 F.3d 404, 429 n.5 (4th Cir. 2006)("Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.") (internal citations omitted).

reject conclusory allegations that amount to mere formulaic recitation of the elements of a claim and to conduct a context-specific analysis to determine whether the well-pleaded factual allegations plausibly suggest an entitlement to relief." Id. at *11-12.

**DISCUSSION**

Kelly's Title VII claim must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[6]

To assert an employment discrimination claim under Title VII, "an aggrieved person must initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. 1614.105(a)(1). "In general, the failure to consult with an EEO counselor within the required time frame is grounds for dismissing an employee's Title VII claim." Lorenzo v. Rumsfeld,

---

[6] While Kelly's original EEO Complaint alleged three instances of discrimination (the termination and two incidents relating to the Virginia state investigation of her licensure), only one instance, the termination, has been alleged in this case. After the dismissal of the EEO Complaint, Kelly filed an action in state court against the Virginia Board of Nursing and this action against the Veterans Affairs Department. While Kelly has petitioned this Court to accept removal of the state case, this Court has not so acted. See Objection to Motion to Dismiss, Dkt. No. 22. Thus, the only charge before this Court is the allegation of discriminatory firing arising from Kelly's November 30, 2012 termination.

6

456 F. Supp. 2d 731, 734 (E.D. Va. 2006). However, §1614.105 allows that "the agency or the Commission shall extend the 45-day time limit...when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have...known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons, considered sufficient by the agency or the Commission." 29 C.F.R. 1614.105(a)(2). "[A] Court must independently review whether Plaintiff is entitled to any extension under this provision." Brooks v. Mabus, 2012 U.S. Dist. LEXIS 149789, at *6-7 (E.D. Va. 2012), aff'd 485 Fed. Appx. 622 (4th Cir. 2012) (citing Teemac v. Kenderson, 298 F.3d 452, 455 (5th Cir. 2002)).

It is uncontroverted that Kelly's first contact with an EEO Counselor about the termination of her employment was made on November 18, 2013; that she was notified of the termination on November 16, 2012, and that the termination took effect on November 30, 2012. Thus, it is uncontroverted that Kelly made her first contact with an EEO Counselor well outside of the 45 days permitted by §1614.105(a)(1). It should be noted that Kelly states in the Complaint that she "did speak with an EEO Counselor when distributing her grievance on November 16, 2012

7

and was provided with options." Complaint, Dkt. No. 1, ¶ 22. However, Kelly also states in the Complaint that "subsequent to the distribution of the grievance...[she] was given notice that effective two weeks from November 16, 2012 would be her last day of employment with McGuire." Id. at ¶21. Thus, when Kelly was distributing her grievance, and when she allegedly spoke with an EEO Counselor, she was not aware of and could not have discussed the termination. Therefore, if Kelly did in fact speak with an EEO Counselor on November 16, 2012, that would not suffice to meet the 45-day requirement stated by ¶1614.105(a)(1), because the relevant subject matter could not have been discussed.

Next, it is necessary to determine whether Kelly falls within any extensions available under § 1614.105(a)(2). It should be noted that Kelly has not made any argument or introduced any evidence that would support a request for an extension or tolling of the EEO contact period. As stated above, there are three exceptions under §1614.105(a)(2). A plaintiff may be granted an extension when he or she was not aware or notified on the time limits, did now know that the alleged discriminatory act occurred, or was prevented from contacting a counselor "despite due diligence". Id. The record shows that Kelly previously contacted an EEO Counselor about different complaints and had illustrated an understanding of the EEO system, thus foreclosing the argument that she was

8

unaware of applicable restrictions. Additionally, because she was provided with notice on November 16, 2012 that she was to be terminated on November 30, 2012, she has no conceivable argument that she was unaware of the action of which she now complains. Finally, Kelly does not appear to have exercised "due diligence" between the time of her termination and her filing one year later; and she has not identified efforts that she undertook during that time or explanations for her tardiness. Thus, there is no argument for statutory tolling.

The effect of §1614.105(a)(1) can also be tolled equitably. Equitable tolling is available when "the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." D'Antonia v. Napolitano, 2012 U.S. Dist. LEXIS 63328, at *16 (E.D. Va. 2012) (quoting English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987)). "To invoke equitable tolling under Title VII, a plaintiff must establish two facts: (1) that the defendant attempted to mislead her; and (2) that the plaintiff reasonably relied on the misrepresentation by neglecting to timely initiate her claim." Id. at *21.

Kelly has neither offered evidence nor argument to support the application of equitable tolling and, indeed, the Court cannot envision such an argument being made successfully. Kelly was aware of her termination and of the role that the EEO

9

Counselors played in the workplace, as illustrated by the facts alleged in her complaint. Further, there has been no allegation that the staff at McGuire concealed any information from Kelly during the course of her hearings and termination. Without any showing of affirmative misconduct and reasonable reliance, equitable tolling cannot be successfully invoked.

For these reasons, this Court finds that Plaintiff did not timely initiate EEO Counseling in accordance with 29 C.F.R. 1614.105(a) and therefore that her claim is barred by the statute of limitations. Therefore, this Court must dismiss Kelly's complaint pursuant for Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons set forth above, DEFENDANT'S MOTION TO DISMISS (Docket No. 17) is granted and Kelly's complaint is dismissed with prejudice.

It is so ORDERED.

/s/  *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 15, 2014